B. Malia Abrams v. Commissioner.
Abrams v. Commissioner
Docket No. 3356-68.
United States Tax Court
T.C. Memo 1970-148; 1970 Tax Ct. Memo LEXIS 214; 29 T.C.M. (CCH) 642; T.C.M. (RIA) 70148; June 9, 1970, Filed *214 B. Malia Abrams, pro se, 409 N. Crescent Dr., Beverly Hills, Calif. Andrew H. Weinstein, for the respondent. 643 HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency of $1,041.56 in income tax against petitioner for the calendar year 1964. The sole issue to be decided is whether or not petitioner is entitled to all or any portion of $4,681 disallowed by respondent as business expense deductions for that year. Findings of Fact Some of the facts have been stipulated, are found accordingly and, together with the stipulated exhibits, are adopted and incorporated herein by reference. B. Malia Abrams, who is also sometimes known as Malia B. Abrams, hereinafter referred to as petitioner, is a registered nurse and had her legal residence at Beverly Hills, California, when she filed her petition herein. She filed her individual United States income tax return for the taxable year 1964 with the district director of internal revenue, New York, New York. In 1964 petitioner lived on Madison Avenue in New York City and did private duty nursing at Mt. Sinai Hospital in that city. She received $7,237 from the practice of her profession *215 in that year which she reported as gross receipts from private duty nursing on Schedule C, Profit (or Loss) From Business or Profession, filed with her Federal income tax return, and on the same schedule claimed other business deductions of $5,000 with the explanation that it was a "Prof. Loss from year 1963." Petitioner, who was involved in a very complicated divorce case with her husband, had come to this country with her ten-year old daughter from Israel a number of years previously. She had received her nursing training abroad and expected to provide for herself and her daughter after coming to the United States. She lived in the Los Angeles, California area for a number of years, and in 1963 had income of only $1,800 from earnings as a nurse. She had a long series of personal and professional difficulties which were very emotionally and mentally upsetting and disturbing to her. Her "professional organization" labeled her as emotionally high strung and would not let her hod a supervisory position; they advised petitioner to obtain psychological help. She lost both jobs and expected income. In 1963 petitioner returned to Israel to seek help from her family. She was not successful *216 and spent less than a month there. On this trip she also stopped in Paris, France, where she spent approximately one month and consulted an old friend who was a psychiatrist. She was not charged for these consultations but estimated that the entire trip cost her approximately $2,000. Also during 1963 when she still lived in California, she took some courses in psychology and sociology at U.C.L.A., and paid the cost of that educational effort in that year. She had previously taken other courses at U.C.L.A. also and at some unspecified time had been employed there. In 1961 the petitioner entered into a participating agreement with Insurance Securities Trust Fund under which she was to invest funds over a period of ten years. She regarded this investment as a method of providing for her own retirement in the nature of a pension fund, but under the participating agreement she was permitted to withdraw in cash any part of the liquidating value at any time by giving seven days' written notice to the company. She in fact did withdraw $1,000 from this Fund in 1963 in order to help her finance her trip abroad, and in 1967 she withdrew her entire investment in the Fund for reasons not here *217 relevant or material. In 1964 after her return to the United States she decided to work as a private duty nurse in New York. Her daughter was of marriageable age and she decided to work as hard as she could in a new setting to increase her previously meager earnings. As noted her efforts succeeded to the extent that she received over $7,000 from private duty nursing that year. She repaid the $1,000 which she had withdrawn from her prior investments in the Insurance Securities Trust Fund and invested an additional $1,400 in that Fund in 1964. The parties have stipulated that petitioner claimed a loss on her 1964 return for the year 1963, which amount is alleged by petitioner to consist of the following: (a) Telephone calls (New York to Los Angeles) (b) Expenses of seeking employment (c) Moving expenses (d) Purchase of securities in Insurance Securities Trust Fund (e) Trip for health reasons (f) Educational expenses The parties have further stipulated that of the $5,000 amount claimed as a deduction the respondent disallowed the amount of $4,681 in his statutory notice of deficiency because it was determined that such amount was not an ordinary and necessary business *218 644 expense or that it was expended for the purpose designated. Respondent further determined that self employment tax in the amount of $259.20 was due because of the increase determined in self employment income. The amount allowed by the Commissioner in his determination as a business expense deduction consisted of the following items: Telephone
$ 90
Uniforms and upkeep
180
Professional periodical
5
Agency fees
38
Nurse's license 6
Total
$319
In his determination the respondent also allowed a standard deduction of $697.01 which recognized the increase in adjusted gross income resulting from the disallowance of the $4,681 in claimed business expenses. Opinion The petitioner in her income tax return filed for 1964, in her statements in open court and in her testimony from the witness stand has admitted quite frankly that the amounts she claimed as business expense deductions for that year are almost all for expenses paid in 1963 and prior years. Her testimony was somewhat vague and conflicting but in essence was to the effect that in 1961, 1962 and 1963 she had very little income and very heavy expenses both for her education at U.C.L.A. which *219 she estimated at a cost of $2,000, and for her trip to France and Israel which she estimated at a cost of another $2,000. The record does not disclose the nature or extent of her income for the earlier years beyond general testimony that it ran between $1,800 and $3,000. In 1964 when she took up private duty nursing at Mt. Sinai Hospital in New York and began to earn a substantial income she decided that since she had not been able to take deductions for these various expenses against income in prior years she would lump them together and claim them all for 1964. She recalls having read somewhere that she could transfer losses from three years before to 1964. Petitioner frankly admits that the $5,000 claimed as a business expense deduction was an estimated, not a precise figure. She kept no books or records and produced no canceled checks, bills, or receipts as evidence, except for one unreceipted medical bill for $100 dated March 31, 1964. Petitioner contends that the investment of $2,400 she made in the Insurance Securities Trust Fund in 1964 to repay the $1,000 she withdrew therefrom in 1963 and to increase her investment by an additional $1,400 should be allowed as a business *220 expense because she was providing for her future retirement. She understood that the investment in this Fund was in the nature of a pension for which she was entitled to a deduction. She further contends that the expenses of her trip abroad in 1963 and her courses of instruction at U.C.L.A. over several years prior to 1964 are all allowable in 1964 because in the earlier years she had insufficient income against which she could claim them as deductions. Petitioner has completely failed to carry her burden of proving that she is entitled to any deduction for business expenses whatever in addition to the $319 business expense deduction allowed by the respondent in his determination. In addition to this business expense deduction the respondent has allowed the standard deduction of $697.01 which exceeds any amount that might possibly be allowed as itemized deductions on the record before us. Almost all of the expenses in question were incurred and paid prior to 1964 and there is just no evidence before us to permit allowance of further business expenses as a deduction against petitioner's 1964 professional income as a private duty nurse. The only amounts paid in 1964 were $1,000 and *221 $1,400 to the Insurance Securities Trust Fund under petitioner's ten-year participating agreement made in 1961. Petitioner's investment in this Fund was nothing more than that, an investment by petitioner subject to her control at all times and subject to her right to withdraw her equity in whole or in part upon the giving of seven days' notice. She exercised this right in 1963 to the extent of withdrawing $1,000 to help finance her trip abroad and thereafter in 1967 withdrew the entire balance of her investment in that Fund to use it for personal purposes. There is no merit to her contention that this investment of $2,400 should be allowed as a deductible business expense in 1964. Since petitioner has failed to establish her right to any deductions in excess of those already allowed by the respondent for 1964, his determination must be sustained. Decision will be entered for the respondent. 645